**FILED**
CLERK, U.S. DISTRICT COURT

4/16/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  2:26-cr-00225-SSS |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(o)(1): Possession of Machinegun; 18 U.S.C. § 922(g)(5): Alien in Possession of Ammunition; 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MIGUEL HIDALGO, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(o)(1)]

On or about January 15, 2026, in Los Angeles County, within the Central District of California, defendant MIGUEL HIDALGO knowingly possessed the following machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), that defendant HIDALGO knew to be a machinegun, namely, a Polymer80, model Pf940C, 9mm machinegun pistol, bearing no legitimate serial number, that was installed with a machinegun conversion device (also known as a "Glock switch," "trigger switch,"

or "auto switch") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun.

COUNT TWO

[18 U.S.C. § 922(g)(5)]

On or about January 15, 2026, in Los Angeles County, within the Central District of California, defendant MIGUEL HIDALGO knowingly possessed the following ammunition, each in and affecting interstate or foreign commerce:

1.    Five rounds of Tulammo 9mm caliber ammunition

2.    Three rounds of Winchester 9mm caliber ammunition

3.    Two rounds of MXT 9mm caliber ammunition

4.    Thirteen rounds of Tulammo 9mm caliber ammunition

Defendant HIDALGO possessed such ammunition knowing he was then an alien illegally and unlawfully in the United States.

3

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes
Section

STEPHEN CHANG
Assistant United States Attorney
General Crimes Section

5